# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| LAMARLVIN WATTS, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV417-097 |
| | ) | CR415-188 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Jury-convicted of armed bank robbery and brandishing a firearm during a crime of violence (doc. 112), Lamarlvin Watts' appeal is pending before the Eleventh Circuit (docs. 116 & 118; *see United States v. Watts*, No. 17-12066-D (11th Cir.)). He simultaneously seeks to vacate his sentence through a 28 U.S.C. § 2255 motion. Docs. 125 & 131.

Section 2255, however, is "intended to afford strictly post-conviction relief." *See United States v. Casaran-Rivas*, 311 F. App'x 269, 273 (11th Cir. 2009) (citing 28 U.S.C. §§ 2255(a), (f)). Collateral relief and direct-appeal relief cannot be pursued simultaneously, as "the disposition of a direct appeal might render a habeas motion unnecessary." *Id.* (citing *United States v. Khory*, 901 F.2d 975, 975

(11th Cir. 1990) (absent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief)); *see also Kapral v. United States*, 166 F.3d 565, 570 (3rd Cir. 1999) ("a collateral attack is generally inappropriate if the possibility of further direct review remains open."); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968) (a § 2255 motion "will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970) ("[e]xcept under most unusual circumstances, not here present, no defendant in a federal criminal prosecution is entitled to have a direct appeal and a § 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence.").

"To this end, the record includes no reason to conclude that [Watts'] case presents extraordinary circumstances that render this reasoning inapplicable." *Casaran-Rivas*, 311 F. App'x at 273. His § 2255 motion should be **DISMISSED** without prejudice as premature.[1]

---

[1] Meaning, should movant decide to pursue collateral relief *after* resolution of his direct appeal, that subsequent § 2255 motion would not be second or successive.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __15th__ day of June, 2017.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA